

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
12/30/2009

| | | |
|---|---|---|
| DAVID HSU, INFORMATION & COMPUTING TECHNOLOGY, INC., & AM POWER SERVICES, INC. | § § § § | |
| Appellants, | § | CIVIL ACTION NO. H-09-3131 |
| v. | § § § | |
| WILLIAM WEST, TRUSTEE | § | ADVERSARY NO. 08-03177 |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

I.  INTRODUCTION

Appellants David Hsu ("Hsu"), Information and Computing Technology, Inc. ("ICT"), and AM Power Services, Inc. ("AMPS") seek appellate review. Specifically, they seek to overturn the Bankruptcy Court's Amended Memorandum Opinion on the Trustee's First Amended Original Complaint for Turnover of Property of the Estate, Breach of Fiduciary Duty, Usurpation of Corporate Opportunity and Alter Ego ("M & O"). For the reasons that follow, the M & O is affirmed in its entirety.

Appellants make three separate arguments. First, Appellants contend that the Bankruptcy Court erred in finding that sanctions should be awarded against Hsu and ICT for permitting a cleaning crew to destroy business documents belonging to Debtor AMPS. Secondly, Appellants contend that the Bankruptcy Court lacked sufficient evidence for an award of damages against Appellants for the transfer of assets by the Debtor to a new corporation. Third, Appellants contend that the Bankruptcy Court should not have assessed punitive damages, again because there was insufficient evidence

of actual damages. This Court has jurisdiction pursuant to Federal Rules of Bankruptcy Procedure 8010(a)(2).

## II. STANDARD OF REVIEW

The Bankruptcy Court's findings of fact are reviewed for clear error; its conclusions of law are reviewed *de novo*. *The Cadle Co. v. Duncan (In re Duncan)*, 562 F.3d 688, 694 (5th Cir. 2009).

## III. BACKGROUND

The Chapter 7 Trustee of Debtor AMPS ("Trustee") filed an adversary proceeding against Hsu and ICT, and amended his Complaint to add AM Power Services, Inc. ("AMP Services"). The Trustee's Amended Complaint asserted claims for turnover pursuant to 11 U.S.C. §§ 541 and 542, conversion, post-petition transfers pursuant to 11 U.S.C. §§ 549 and 550, breach of fiduciary duty, fraudulent transfer pursuant to 11 U.S.C. § 548 and Tex. Bus. & Com. Code Ann. § 24.001 *et seq.*, equitable subordination and usurpation of business opportunities. Subsequently, the Trustee filed a motion to compel and for sanctions against Hsu and ICT based partly on spoliation of evidence.

After a three day trial on the merits, the Bankruptcy Court issued the M & O. In it, he awarded the Trustee $134,148.00 in actual damages, and $368,296.00 in exemplary damages for a total award of $572,195.76, including pre-judgment interest.

The M & O is more than sixty pages long. Appellants do not challenge any of the specific findings of fact or the conclusions of law.

### A. Spoliation of Evidence

The Bankruptcy Court found that Hsu and ICT (whose stock is 75% owned by Hsu) spoliated twenty to thirty boxes of the Debtor's financial records by allowing a

cleaning crew to remove and apparently destroy them approximately eight months after Debtor's bankruptcy was filed. Appellants argue that the Trustee had had access to all of Debtor's business records, and that Hsu did retain all the documents that the Trustee had reviewed and had thought important.

Hsu testified in Bankruptcy Court that the Trustee had told him to abandon everything. This is Hsu's strongest argument as to why the Bankruptcy Court's decision on spoliation should be reversed.

The Trustee, however, testified that he had not given any authority to destroy or dispose of the records in question. M & O at 9. The Bankruptcy Court noted that Hsu's trial testimony was inconsistent with his prior deposition testimony. *Id.* The Bankruptcy Court found "Hsu was less credible than the Trustee." M & O at 11. The Court accepted the Trustee's testimony as to spoliation and discounted Hsu's. Appellants offer no reason to disturb this finding of fact. In particular, Appellants adduce nothing in the record except Hsu's testimony to support their contention that the Trustee authorized the destruction of the documents. The Bankruptcy Court correctly found that the destruction of the financial records was a clear violation of 11 U.S.C. § 727(a). The Bankruptcy Court was also correct that the destruction of the documents and Hsu's contradictory sworn testimony on the matter were sufficient to conclude that Hsu's conduct was in bad faith.

**B.      The Award of Actual Damages**

The most troubling aspect of this case – more disturbing even than the spoliation of evidence – is that, shortly before putting Debtor into bankruptcy, Hsu incorporated AMP Services, a new business solely owned by Hsu. Shortly after the incorporation of

3

AMP Services, "Defendants assumed and exercised control over [Debtor's] service business and its related telephone number, acronym, customer information and competitive advantages in the forms of goodwill and specialized knowledge." M & O at 4-5. In other words, Defendants sought willfully to divert Debtor's going concern value from Debtor's creditors to themselves.

The Bankruptcy Court was affronted by this conduct and justifiably so. This Court has been involved, as lawyer and judge, in scores of bankruptcies in the last three decades. Not in any other case has it encountered such egregious misconduct.

On appeal, Appellants do not deny, or seek to justify, the misconduct. Rather, they argue only that the Bankruptcy Court had insufficient evidence for its award of actual damages. The Bankruptcy Court's explanation of its methodology for calculating actual damages was, however, set forth in detail and convincingly. It started with the gross profits from AMP Services tax returns for 2007 and 2008. It then deducted certain expenses reported in those tax returns, although it did not deduct any of the amounts listed as compensation of officers because it did not wish to reward wrong doers. M & O at 46-47. The Bankruptcy Court noted that more precise calculations could not be made because of the spoliation of financial records. The Court rejected the Trustee's request for attorneys' fees. It also did not accept the Trustee's argument that no expenses should be deducted because, if the Debtor's business had been sold, the entity acquiring the business would not need to incur additional expenses. The Bankruptcy Court's final calculation of actual damages in the amount of $184,148 needs no revision.

**C.     Exemplary Damages**

Appellants do not challenge the Bankruptcy Court's award of exemplary damages other than to note that exemplary damages should not be awarded in the absence of actual damages. In this instance, the Bankruptcy Court's award of both actual and exemplary damages is fully justified.

**III.    CONCLUSION**

The Bankruptcy Court's M & O is a model of the scholarship and seasoned judgment to which all courts should aspire. It is **AFFIRMED** in every respect.*

**IT IS SO ORDERED.**

SIGNED this 30th day of December, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

* Although Appellants' arguments are non-meritorious, the Court does thank attorneys for both sides for their work. They have represented their respective clients in the highest traditions of the bar.

5